## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| CATINA PARKER, as Personal Representative of the Estate of Leonard Parker, Jr., deceased, <br><br> Plaintiff, <br><br> v. <br><br> The CITY OF GULFPORT, a municipal corporation; JASON CUEVAS, in his individual and official capacity; and JOHN DOE OFFICERS #1-5 in their official and individual capacities, <br><br> Defendants. | No.   1:21cv217HSO-JCG <br><br> **PLAINTIFFS DEMAND A TRIAL BY JURY** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CATINA PARKER, as Personal Representative of the Estate of Leonard Parker, Jr., deceased, by and through her attorneys, COXWELL & ASSOCIATES, PLLC, for Plaintiff's Complaint at Law against The CITY OF GULFPORT, a municipal corporation, JASON CUEVAS, individually and in his official capacity; and JOHN DOE OFFICERS #1-5, in their official and individual capacities, pleading hypothetically and in the alternative, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Mississippi. Moreover, upon information and belief, all or most of the parties reside in this Judicial District.

1

## THE PARTIES

3. Defendant, The CITY OF GULFPORT, is a municipal corporation organized under the laws of the State of Mississippi.

4. On and before February 1st, 2020, and at all relevant times, the Defendant, CITY OF GULFPORT, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Gulfport Police Department, in Gulfport, Mississippi (hereinafter, collectively referred to as the "Gulfport Police Department").

5. On and before February 1st, 2020, and at all relevant times, Defendant JASON CUEVAS was a police officer employed by the Gulfport Police Department.

6. On and before February 1st, 2020, and at all relevant times, when Defendant JASON CUEVAS was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a Gulfport Police Department police officer.

7. On and before February 1st, 2020, and at all relevant times, Defendant JOHN DOE OFFICERS #1-5 were police officers employed by the Gulfport Police Department.

8. On and before February 1st, 2020, and at all relevant times, when Defendant JOHN DOE OFFICERS #1-5 were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Gulfport Police Department police officers.

9. Plaintiff CATINA PARKER is a citizen of the United States, and at all relevant times was a resident of the City of Covington, Newton County, Georgia.

10. Plaintiff's Decedent Leonard Parker, Jr. was a citizen of the United States prior to his death, and at all relevant times was a resident of the City of Covington, Newton County, Georgia.

11. Plaintiff's Decedent's heirs include Plaintiff CATINA PARKER, who is his surviving spouse, as well as five children.

## GENERAL ALLEGATIONS

12. The instant case arose from events which took place in the 200 block of 25th Street of Gulfport, Mississippi.

13. On February 1st, 2020, Plaintiff's decedent Leonard Parker, Jr. was attending a party at a private residence in the 200 block of 25th Street in Gulfport, Mississippi ("the residence").

14. On February 1st, 2020, Leonard Parker, Jr. left the residence with another individual and got into his vehicle's driver's seat, with the second individual seated in the passenger seat.

15. Leonard Parker, Jr. then reversed his vehicle out of the residence's driveway onto the street, in the sight of several witnesses standing in the residence's yard.

16. At this time, unbeknownst to Leonard Parker, Jr., Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5 approached the residence on foot, walking along the road adjoining the residence.

17. At said time, Defendant JASON CUEVAS and JOHN DOE OFFICERS #1-5 did not believe that any individuals at or near the residence were in danger of death or serious bodily harm.

18. At said time, JASON CUEVAS and JOHN DOE OFFICERS #1-5 did not have a valid warrant to arrest Plaintiff or his passenger.

19. At said time, Defendant JOHN DOE OFFICERS #1-5 did not suspect Leonard Parker, Jr. of any crime.

20. Leonard Parker, Jr. and his passenger were unaware that any police officer was present in the street or near the residence.

21. Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5 did not verbally identify themselves as police officers.

22. Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5 had not activated the lights or sirens of their vehicles to notify any nearby citizens of police presence.

23. Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5 walked on the road in the direction of the front of Leonard Parker, Jr.'s vehicle.

24. As Leonard Parker, Jr. changed the gear of his vehicle from reverse to drive, JASON CUEVAS fired his service weapon at Leonard Parker, Jr., striking him in the head.

25. At the time that Defendant JASON CUEVAS fired his weapon, Leonard Parker Jr.'s vehicle was creeping forward at a low rate of speed without acceleration.

26. Defendant JASON CUEVAS did not issue any warning or command prior to firing their weapons at Leonard Parker, Jr.

27. At no time was Leonard Parker, Jr. attempting to flee law enforcement.

28. At no time did Leonard Parker, Jr. or his passenger ever display a weapon to Defendant JASON CUEVAS or others.

29. At no time did Leonard Parker, Jr. or his passenger threaten to use physical force upon the Defendant JASON CUEVAS or others.

30. At no time did Leonard Parker, Jr. or his passenger use physical force upon Defendant JASON CUEVAS or others.

31. At no time did Leonard Parker, Jr. drive his vehicle in the direction of JASON CUEVAS or others, nor was JASON CUEVAS or any other person at risk of being struck by Leonard Parker, Jr.'s vehicle.

32. Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5 did not have probable cause to believe Plaintiff or his passenger posed a significant threat of death or serious physical injuries to Defendant police officers or others.

33. Deadly force was not necessary to prevent Leonard Parker, Jr.'s escape.

34. As a result of Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5's actions, Leonard Parker, Jr. suffered gunshot wounds and died.

### COUNT 1 – 42 U.S.C. §1983—Excessive Force
### (Catina Parker v. Jason Cuevas)

35. Plaintiff, CATINA PARKER, incorporates by reference all preceding paragraphs.

36. At all times relevant, Defendant JASON CUEVAS was an authorized officer, agent, and/or employee of the Gulfport Police Department, and was acting in the course of his employment and under color of state law.

37. At all times relevant, it was the duty of Defendant JASON CUEVAS individually and as officer, agent and/or employee of the Gulfport Police Department, to refrain from using unreasonable excessive force against others, including Leonard Parker, Jr.

38. On February 1st, 2020, in breach of said duty, Defendant JASON CUEVAS used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

> a) Defendant used a level of force that Defendant knew, or should have known, was excessive when he short Leonard Parker, Jr. without proper justification;

b) Defendant used an unreasonable amount of force in relationship to the threat or force posed by Leonard Parker, Jr., who was not resisting any lawful arrest or threatening the life or safety of any individual;

c) Defendant failed to use less dangerous means of restraint; and/or

d) Defendant failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Mississippi.

39. At all times relevant, the aforementioned conduct of Defendant, JASON CUEVAS, constituted unreasonable excessive force in violation of the United States Constitution.

40. The actions of Defendant JASON CUEVAS were objectively unreasonable and were undertaken intentionally with willful indifference to Leonard Parker, Jr.'s constitutional rights.

41. The actions of Defendant JASON CUEVAS would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants used such force.

42. The actions of Defendant JASON CUEVAS were undertaken with reckless indifference to the rights of Leonard Parker, Jr.

43. As a proximate cause of Defendant JASON CUEVAS's unreasonable and excessive use of force, Leonard Parker, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

44. As a proximate cause of Defendant JASON CUEVAS's unreasonable and excessive use of force, Leonard Parker, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

45. As a proximate cause of Defendants JASON CUEVAS's unreasonable and excessive use of force, Leonard Parker, Jr.'s heirs suffered emotional distress and mental anguish,

and experienced the loss of Leonard Parker, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiff, CATINA PARKER, individually and as the personal representative of the estate and heirs of Leonard Parker, Jr., respectfully requests that this Court enter judgment against Defendant JASON CUEVAS, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 2 – 42 U.S.C. §1983 – Failure to Intervene
*(Catina Parker v. John Doe Officers #1-5)*

46. Plaintiff, CATINA PARKER, incorporates by reference all preceding paragraphs.

47. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 were authorized officers, agents, and/or employees of the Gulfport Police Department, and were acting in the course of their employment and under color of state law.

48. At all material times, Defendants JOHN DOE OFFICERS #1-5 did not have a reasonable fear of imminent bodily harm, nor did Defendants JOHN DOE OFFICERS #1-5 have a reasonable belief that any other person was in danger of imminent bodily danger from Leonard Parker, Jr.

49. At all material times, Defendants JOHN DOE OFFICERS #1-5 observed the force applied by Defendant JASON CUEVAS.

50. At all material times, Defendants JOHN DOE OFFICERS #1-5 knew or had reason to know that the use of deadly force was disproportionate and excessive.

51. At all material times, Defendants JOHN DOE OFFICERS #1-5 observed or had reason to know that a violation of Leonard Parker, Jr.'s constitutional right to be free from excessive force was occurring.

52. At all material times, Defendants JOHN DOE OFFICERS #1-5 had the opportunity and means to prevent this harm from occurring.

53. Defendants JOHN DOE OFFICERS #1-5 failed to intervene to prevent the violation of Leonard Parker, Jr.'s constitutional rights.

54. The aforementioned conduct of Defendants JOHN DOE OFFICERS #1-5 in failing to intervene against the violation of Leonard Parker, Jr.'s constitutional rights was objectively unreasonable.

55. The aforementioned conduct of Defendants JOHN DOE OFFICERS #1-5 was done with a reckless disregard for Plaintiff's rights.

56. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5's unreasonable failure to intervene in the use of excessive force, Leonard Parker, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

57. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5's unreasonable failure to intervene in the use of excessive force, Leonard Parker, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

58. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5's unreasonable failure to intervene in the use of excessive force, Leonard Parker, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Leonard Parker, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiff, CATINA PARKER, individually and as the personal representative of the estate and heirs of Leonard Parker, Jr., respectfully requests that this Court enter judgment against Defendants JOHN DOE OFFICERS #1-5, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

## COUNT 3 – Wrongful Death
**(Catina Parker v. Jason Cuevas, The City of Gulfport and John Doe Officers #1-5)**

59.    Plaintiff, CATINA PARKER, incorporates by reference all preceding paragraphs.

60.    At all relevant times, Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5 were acting as duly authorized agents and employees of the CITY OF GULFPORT.

61.    As a direct and proximate result of the negligent and wrongful actions of Defendants JASON CUEVAS and JOHN DOE #1-5, Leonard Parker Jr. suffered gunshot wounds and died.

62.    As a proximate result of Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5's unreasonable and excessive use of force, Leonard Parker, Jr.'s heirs suffered emotional distress and mental anguish, lost and experienced the loss of Leonard Parker, Jr.'s companionship, financial support, consortium, guidance, love, care, and protection.

WHEREFORE, Plaintiff, CATINA PARKER, individually and as the personal representative of the estate and heirs of Leonard Parker, Jr., respectfully requests that this Court enter judgment against Defendants JASON CUEVAS, JOHN DOE OFFICERS #1-5 and CITY OF GULPORT, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

## COUNT 4 – Survival
**(Catina Parker v. Jason Cuevas, The City of Gulfport and John Doe Officers #1-5)**

63.    Plaintiff, CATINA PARKER, incorporates by reference all preceding paragraphs.

64.    At all relevant times, Defendant JASON CUEVAS and JOHN DOE OFFICERS #1-5 were acting as duly authorized agents and employees of the CITY OF GULFPORT.

65.    As a direct and proximate result of the negligent and wrongful actions of Defendants JASON CUEVAS and JOHN DOE #1-5, Leonard Parker Jr. suffered gunshot wounds

and died.

66.     As a proximate cause of Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5's unreasonable and excessive use of force, Leonard Parker, Jr. experienced injuries, including physical and psychological pain and suffering, and ultimately death.

67.     As a proximate cause of Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5's unreasonable and excessive use of force, Leonard Parker, Jr's estate experienced lost future income and benefits and incurred medical and funeral expenses.

WHEREFORE, Plaintiff, CATINA PARKER, individually and as the personal representative of the estate and heirs of Leonard Parker, Jr., respectfully requests that this Court enter judgment against Defendants JASON CUEVAS, JOHN DOE OFFICERS #1-5 and CITY OF GULPORT, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 5– Violation of the Mississippi Tort Claims Act
(Catina Parker v. Jason Cuevas, The City of Gulfport and John Doe Officers #1-5)

68.     Plaintiff, CATINA PARKER, incorporates by reference all preceding paragraphs.

69.     Plaintiff asserts that the actions JASON CUREVAS and JOHN DOE OFFICERS #1-5 were in violation of Mississippi Code Ann. (1972) § 11-46-1, *et seq.*, as they were committed with reckless disregard[1] to the safety and well-being of the Decedent as well as being in violation of Article III § 23 of the Mississippi Constitution.

70.     As the Officers were acting in the scope and course of their employment at UMMC, UMMC is liable for their actions.

---

[1] "Reckless disregard" as used in this pleading "embraces willful and wanton conduct which requires knowingly or intentionally doing a thing or wrongful act." *Turner v. City of Ruleville*, 735 So.2d 226, 320 (Miss. 1999). "Reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Miss. Dept. of Public Safety v. Durn*, 861 So.2d 990, 995 (Miss. 2003) (citations omitted).

71.   As a direct and proximate result of the negligent and wrongful actions of Defendants JASON CUEVAS and JOHN DOE #1-5, Leonard Parker Jr. suffered gunshot wounds and died.

72.   As a proximate cause of Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5's unreasonable and excessive use of force, Leonard Parker, Jr. experienced injuries, including physical and psychological pain and suffering, and ultimately death.

73.   As a proximate cause of Defendants JASON CUEVAS and JOHN DOE OFFICERS #1-5's unreasonable and excessive use of force, Leonard Parker, Jr's estate experienced lost future income and benefits and incurred medical and funeral expenses.

WHEREFORE, Plaintiff, CATINA PARKER, individually and as the personal representative of the estate and heirs of Leonard Parker, Jr., respectfully requests that this Court enter judgment against Defendants JASON CUEVAS, JOHN DOE OFFICERS #1-5 and CITY OF GULPORT, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as of right by jury.

RESPECTFULLY SUBMITTED, THIS the 22nd of June, 2021.

CATINA PARKER, PLAINTIFF

BY:   /s/ Charles R. Mullins
      CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MÉRRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi  39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-7097
chuckm@coxwelllaw.com

*Attorneys for Plaintiff*