# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CATINA PARKER**, *as Personal Representative of the Estate of Leonard Parker, Jr., deceased*                           **PLAINTIFF**

**v.**                 **CIVIL ACTION NO. 1:21-cv-00217-HSO-BWR**

**CITY OF GULFPORT,** *a municipal corporation,*
**JASON CUEVAS**, *in his individual and official capacities,* and
**JOHN DOE OFFICERS 1-5** *in their official and individual capacities*           **DEFENDANTS**

## ORDER GRANTING DEFENDANT'S MOTION TO ASSERT AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY [34] AND GRANTING PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY [36]

Before the Court are two related Motions, a Motion to Assert Affirmative Defense of Qualified Immunity [34], filed by Defendant Jason Cuevas, in his individual capacity, and a Motion to Conduct Limited Discovery [36], filed by Plaintiff Catina Parker, as Personal Representative of the Estate of Leonard Parker, Jr., deceased. The Motions have been fully briefed [34, 36, 37, 38, 39, 40, 41]. In his Motion [34], Officer Cuevas asserts that he is entitled to qualified immunity and requests a scheduling order for filing motions for summary judgment based on qualified immunity. In her Motion, Plaintiff requests to conduct discovery limited to the issue of qualified immunity.

Having considered these submissions, the record, and relevant law, the Court finds that all discovery except discovery narrowly tailored to the issue of qualified

immunity should be stayed; Plaintiff should be allowed to amend her Complaint after qualified immunity discovery is completed; and deadlines for qualified immunity discovery and motions for summary judgment based on qualified immunity will be set.

I. BACKGROUND

In her Second Amended Complaint [30], Plaintiff asserts a variety of causes of actions, including a 42 U.S.C. § 1983 claim for excessive force in violation of the United States Constitution arising out of an encounter in Gulfport, Mississippi, on February 1, 2020, between Officer Cuevas of the Gulfport Police Department and Leonard Parker, Jr. ("Mr. Parker").

According to the Second Amended Complaint, Mr. Parker was attending a party at a private residence. [30] at 3. Mr. Parker left the residence with another individual and got into his vehicle's driver seat, with the second individual seated in the passenger's seat. *Id.* Officer Cuevas and other officers approached the residence on foot as they responded to a suspected incident of disorderly conduct. *Id.*

The Second Amended Complaint provides that Officer Cuevas and other officers "walked on the road in the direction of the front of [Mr. Parker's] vehicle," and "[a]s [Mr. Parker] changed the gear of his vehicle from reverse to drive, [Officer Cuevas] approached [Mr. Parker's] vehicle from the driver's side of the vehicle." *Id.* at 4. Plaintiff submits that Mr. Parker's car "was creeping forward in a neutral gear at a low rate of speed – approximately two to three miles per hour – without

acceleration" when Officer Cuevas "fired his handgun three times at [Mr. Parker], striking him in the head." *Id.* Mr. Parker died from gunshot wounds. *Id.* at 6.

Plaintiff alleges that neither Officer Cuevas nor anyone else was standing in the vehicle's path, no one was at risk of being struck by the vehicle, and Officer Cuevas was "at least several car lengths away from [Mr. Parker's] vehicle" when he fired his weapon within five seconds of Mr. Parker reversing in the driveway and without issuing any warning or command prior to firing. *Id.* at 4-5. Plaintiff alleges that Mr. Parker did not pose a significant threat of death or serious physical injuries to Officer Cuevas or others because neither Mr. Parker nor his passenger displayed a weapon, threatened anyone, or used force against anyone, and Mr. Parker did not take an evasive action in his vehicle. *Id.* at 5-6. Plaintiff asserts that deadly force was not necessary to prevent Mr. Parker's escape. *Id.* at 6.

Plaintiff submits that discovery limited to the issue of qualified immunity is needed to provide her "with the knowledge of the precise actions taken by Defendant Cuevas leading to Mr. Parker's death" because the Fourth Amendment's objective reasonableness standard is an evaluation "in light of the facts and circumstances confronting" Officer Cuevas at the scene. [37] at 4 (citing *Graham v. O'Connor,* 490 U.S. 386, 397 (1989)). Plaintiff asserts that she "is aware of investigations into Mr. Parker's death by multiple law enforcement entities, and a number of eyewitnesses who are believed to have observed the actions of Mr. Parker and Defendant Cuevas in the minutes before and after Mr. Parker's death." [38] at 4. Plaintiff requests written and oral discovery regarding these matters. *Id.*

3

Officer Cuevas has denied all allegations and maintains that he is entitled to qualified immunity, even accepting the allegations in the Second Amended Complaint. [40] at 2. He recognizes, however, the Court "may determine, after a review of the Plaintiff's Second Amended Complaint, that she has asserted facts which, if true, would overcome a defense of qualified immunity." *Id.* Officer Cuevas does not request but is not opposed to limited discovery on the issue of qualified immunity but emphasizes "that the discovery should be limited so as to not be costly, time consuming, or intrusive." [39] at 3, [40] at 2.

Officer Cuevas notes that Plaintiff does not identify the "numerous" eyewitnesses or detail what discovery she believes is necessary. [41] at 3. Officer Cuevas "suggests that beyond himself, the only other witness who would have information as to what occurred, including the actions of Mr. Parker, would be the passenger of the truck, Tremaine Markray." [41] at 4. Officer Cuevas argues that he "should not be forced . . . to expend hours upon hours on multiple depositions" and that written discovery should also be limited and narrowly tailored to avoid a "wild goose chase." *Id.* He requests that the Court enter a scheduling order for filing and briefing motions for summary judgment based on qualified immunity. [40] at 2.

## II. DISCUSSION

A. Law

"The doctrine of qualified immunity protects public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ramirez v.*

4

*Martinez*, 716 F.3d 369, 375 (5th Cir. 2013) (citation omitted). To determine whether a public official is entitled to qualified immunity, a court looks to: (1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *See id.* A court may conduct the two-pronged qualified immunity inquiry in any sequence. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). To ensure defendants asserting qualified immunity are not burdened by pretrial discovery after invoking the defense, a district court may "ban discovery at . . . [the] pleading stage and may limit any necessary discover to the defense of qualified immunity." *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

B.  <u>Analysis</u>

Plaintiff has demonstrated a need for discovery to uncover facts necessary to the determination of whether Officer Cuevas is entitled to qualified immunity, and Officer Cuevas does not oppose discovery narrowly tailored to the issue of qualified immunity. Accordingly, all discovery except discovery narrowly tailored to the issue of qualified immunity is stayed, and deadlines regarding the issue of qualified immunity are set below.

The Court desires to avoid the necessity of filing written discovery motions where Court participation in an informal discussion of the issue might resolve it. If after counsel has conferred by phone or in person in good faith, the attorney

conference does not resolve the dispute, counsel must email chambers at **rath_chambers@mssd.uscourts.gov** to request a telephone conference to discuss the issues, and the email should specifically delineate the issues. Only if the telephone conference with the undesigned is unsuccessful in resolving the issues may a party file a discovery motion. Accordingly,

**IT IS THEREFORE ORDERED** that Officer Cuevas's Motion to Assert Affirmative Defense of Qualified Immunity [34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Conduct Limited Discovery [36] is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery except discovery narrowly tailored to the issue of qualified immunity is stayed.

**IT IS FURTHER ORDERED** that the deadline to complete discovery narrowly tailored to the issue of qualified immunity is **March 24, 2023**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to designate experts on the issue of qualified immunity is **January 6, 2023**.

**IT IS FURTHER ORDERED** that the deadline for Defendants to designate experts on the issue of qualified immunity is **February 3, 2023**.

**IT IS FURTHER ORDERED** that within seven days following the completion of qualified immunity discovery, Plaintiff may amend her Complaint to conform to the discovery obtained.

**IT IS FURTHER ORDERED** that the deadline to file motions for summary judgment based on qualified immunity is **April 7, 2023**, with a response and rebuttal due in accordance with Local Uniform Civil Rule 7(b)(4).

**SO ORDERED**, this the 20th day of September 2022.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE