IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CATINA PARKER, as Personal Representative**
**of the Estate of Leonard Parker, Jr., Deceased**                                **PLAINTIFF**

**VERSUS**                                                                                         **NO.1:21-cv-00217-HSO-BWR**

**The CITY OF GULFPORT, a municipal**
**corporation; JASON CUEVAS, in his individual**
**and official capacity; and JOHN DOE OFFICERS**
**#1-5 in their official and individual capacities**                       **DEFENDANTS**

---

**REBUTTAL IN SUPPORT OF THE MOTION *IN LIMINE***
**TO EXCLUDE TESTIMONY OF JOHN STAMM, P.E., PLAINTIFF'S EXPERT**

---

COMES NOW, the Defendant, Jason Cuevas in his individual capacity, by and through his undersigned attorneys, and submits this Memorandum Brief in Support of his Motion *In Limine* to Exclude the Testimony of John Stamm, P.E., the Plaintiff's Expert.[1]

### I.  REBUTTAL ARGUMENT

**A.      Fact Overview.**

Officer Cuevas has challenged the reliability and admissibility of the opinions of the Plaintiff's designated expert, John Stamm, as it relates to whether the 2014 GMC Sierra Truck being driven by Parker was moving or was stopped at the time of the officer involved shooting.

---

[1] This Defendant has filed a Motion to Strike the Plaintiff's Motion *In Limine* to Exclude the Testimony of defense experts James P. Molinaro and Howard Ryan on the grounds that the Plaintiff's Motion is untimely under Local Rule 7(b)(2)(D).  [Doc. 142].  The Defendant raised as an alternative argument that should this Court find that any *Daubert* issues are currently unripe, then the Defendant will withdraw its Motion / Brief regarding Stamm, and will file a Motion to Strike should the Plaintiff attach any affidavit testimony of Stamm in support of any response that they file to the Motion for Summary Judgment on the Issue of Qualified Immunity.

The Plaintiff does not respond to the factual background set forth by Cuevas in his Memorandum Brief. Importantly, and relevant to this Court's decision, Cuevas, while proceeding westbound on foot on 25th Street in search of the address of the "drunk and disorderly" 911 call, witnessed a truck back out from the front of a house ahead and back directly into a mailbox located across the street. Cuevas believed the truck was leaving the residence from which the 911 call was made. Cuevas began to walk towards the truck (from the north side of 25th Street and proceeding diagonal in a southeasterly direction) to make contact with the driver of the truck. At the same time, he was shining his flashlight towards the truck to get the driver's attention.

While Cuevas was walking towards truck, it pulled forward from the mailbox, straightened out and then began to proceed eastbound on 25th Street angled in his direction. Cuevas activated the strobe on his flashlight and then removed his firearm from the holster and utilized the weapon light, all in an effort to get the driver's attention. Cuevas also identified himself as **police** and gave several commands for the driver to **stop the vehicle**. Yet, the truck continued to drive towards him and it is his position that the headlights became brighter and that he heard the engine rev and consequently pick up speed in his direction. Cuevas tried to back peddle out of the way towards the south side of the road, but the headlights of the truck followed him towards the south side and he felt that the truck constituted a threat of harm or death to him and he fired what he recalled to be three consecutive shots in quick succession from his service weapon toward the driver of the truck and the truck came to an abrupt stop.

During the investigation by the Mississippi Bureau of Investigation and the processing of the scene by the Biloxi Police Department Crime Scene Unit, investigators noticed that even

though the 2014 GMC Sierra truck driven by Parker was indeed stopped with its passenger side wheels on the grass and the driver side wheels on the asphalt, the truck was still in "drive" with the driver side door open, and the truck was not moving forward.

The only response provided by the Plaintiff was that while Cuevas asserts that the Parker truck was "moving quickly", eyewitnesses at the scene testified that Parker never drove the truck quickly after he struck the mailbox and had stopped the vehicle prior to Cuevas shooting. [Doc. 137, pp. 4-5]. No citations to specific testimony were given by the Plaintiff. However, none of these alleged "witnesses" were at the front of the truck driven by Parker and therefore none can provide testimony that would be from the perspective of Cuevas. Jean-Baptiste v. Gutierrez, 627 F.3d 816, 821 (11th Cir. 2010).

**B.      Factual Issues Relevant to Qualified Immunity Analysis.**

At this stage of the litigation, the Court is being asked to decide whether Officer Cuevas is entitled to qualified immunity. The key question is whether Cuevas could reasonably believe that he was in imminent danger when he fired his service weapon at Parker's truck. Harmon v. City of Arlington, 16 F.4th 1159, 1164 n.3 (5th Cir. 2021). The "reasonableness" of this "particular use of force **must be judged from the perspective of a reasonable officer** on the scene, **rather than with the 20/20 vision of hindsight**." Sims v. City of Moss Point, 2022 U.S. Dist. Lexis 50655 *9 (S.D. Miss. 2022) (quoting Graham, 490 U.S. at 396).

A dispute in the present case is whether the truck driven by Parker **was moving** in the direction of Cuevas at the time the shots were fired. But, the **real issue** is whether Cuevas **perceived** the truck to be moving, especially given the fact that the truck had indeed moved from point A to point B after shots were fired. In the Fifth Circuit, two particular facts have emerged

as highly relevant to determine whether a moving vehicle poses an immediate threat to a police officer: "the limited time the officers had to respond and the closeness of the officers to the projected path of the vehicle." Irwin v. Santiago, 2021 U.S. App. Lexis 31692 *6 (5th Cir. 2021) (citing Hathaway v. Bazany, 507 F.3d 312, 321 (5th Cir. 2007)).  Additional evidence important to the analysis includes whether there was a failure to heed the officer's commands to stop, the officer's positions, and the period of time it took for the officer's to perceive and react to the direction of the plaintiff's vehicle.  Irwin, 2021 U.S. App. Lexis 31692 at *7.

It is Cuevas' position that Stamm's testimony cannot assist this Court on these particular fact issues that are now before the Court on his Motion for Summary Judgment on the Issue of Qualified Immunity.

**C.     Stamm's Opinions Are Not Helpful.**

Stamm offers no opinions of the position of Officer Cuevas in relation to Parker's truck at the time the shots were fired.  Moreover, Stamm cannot offer any opinion as to whether Parker's truck was moving [or stopped] at the time the shots were fired.  The Plaintiff is trying to avoid these negatives altogether by doing a "work around" of Stamm's deposition testimony and trying to focus the Court's attention elsewhere.

**1.     Where was Cuevas and Was the Truck Moving?**

Stamm, in his deposition, testified that he cannot state with any **certainty** that the truck was moving or stopped prior to the shooting, or even why it had stopped. (DP Stamm, pp. 117-21, 140-43, 198-99, 200, Exhibit "B", Doc. 130-2).  In fact, Stamm testified that he cannot say if the truck was stopped or not and that he does not have any physical evidence to determine whether the truck was moving forward when the shots were made.  (Id., pp. 118-27, 140, 144-45,

154). Nor does Stamm offer any opinion as to where Cuevas was located in relation to the truck at the time the shots were fired. (Report, Exhibit "A", Doc. 130-1, p.31-32). These are the very issues at the heart of the Motion for Summary Judgment now before the Court. Stamm's testimony is clearly not helpful to either issue.

The Plaintiff tries to avoid these issues, arguing that Stamm's expertise would be helpful in determining "the mechanics" of Parker's vehicle movement (1) if one were to believe the alleged witnesses who were behind the truck or (2) if one were to believe Cuevas. However, in a qualified immunity context, "evidence" from alleged witnesses who were standing in a yard some distance from the rear of the truck and were not in the same position of Cuevas, who was at the front of the truck, trying to move out of the truck's way, is not "helpful". Such witness testimony does not address the important question of whether a reasonable officer could have believed that his life was in danger. See Baxter v. Hendren, 2023 U.S. Dist. Lexis 105597 *13-15 (M.D. Fla. 2023). Thus, any expert opinions of Stamm in which he relies on the testimony of these alleged witnesses is not helpful to the Court on the specific question of whether a reasonable officer could have believed his life was in danger because such evidence does not consider the perspective of Cuevas. Id.

The Plaintiff then asserts that Stamm is "helpful" because he opines that if the truck was moving at the time the shots were fired, then the truck was only "traveling at or around 5 mph". However, that is absolutely not what Stamm testified. Rather, Stamm testified that if the truck was moving at the time the shots were fired, then either Parker had to have applied the service brake to come to a stop as the shots were fired or he was traveling "very slow" for the vehicle to roll to a stop. ( DP Stamm, pp. 123-127, Exhibit "B", Doc. 130-2). But, he could not say how

fast the truck was moving before the shots were fired.  (Id.).  Nor can he say which of these two scenarios was more probable than the other.  (Id.).  Even the Plaintiff admits that "Stamm does not know the exact speed of the vehicle at the time of the shooting – such would likely be an unreliable opinion." [Doc. 137, p. 6].

The fact of the matter is that in its qualified immunity analysis, this Court must determine whether Stamm's expert testimony will "assist the trier of fact to understand evidence or to determine a fact in issue." Fed. R. Evid. 702.  As to the issues in the Court's qualified immunity analysis, Stamm's opinions are not helpful in the least and should be excluded.

### 2. Possibilities Are Not Helpful.

The Plaintiff then launches into an argument that suggests that it does not matter that Stamm's opinions are couched in terms of "possibilities" because his overall opinions are based on "engineering certainty".  Here, the Plaintiff is trying to gloss over the issues already discussed above.  But, because Officer Cuevas had questions due to the competing opinions of Stamm, he took his deposition.  And, once they did so, it was clear that Stamm really had no opinion to offer that was "to a reasonable degree of engineering certainty" as he espoused in his Report.

Federal Rule of Evidence 702 provides that a qualified expert witness "may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue ...".  Fed. R. Evid. 702; see also, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993).  This is the "relevance" inquiry.  Castro v. Kory, 2023 U.S. Dist. Lexis 45759 *16 (W.D. Tex. 2023).  "'Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.'"

Id. (quoting Fed. R. Evid. 401). Clearly, "probability" is important and is not linked solely to "causation" or "medical causation" as the Plaintiff attempts to argue in her Response. Mathis v. Exxon Corp., 302 F.3d 448, 460 (5th Cir. 2002).

Again, the pivotal question relating to this Court's qualified immunity analysis is whether a reasonable officer in the shoes of Officer Cuevas could have believed that his life is in danger. Stamm cannot say one way or the other if the truck driven by Parker was moving. Nevertheless, the Plaintiff will attempt to offer expert evidence of Stamm for the proposition that if the vehicle was moving at the time the shots were fired (as asserted by Cuevas), then either Parker had to apply brakes to come to a stop or the truck was traveling at a slow rate of speed and came to a rolling stop. Yet, Stamm could not say which of these scenarios was more probable under the "vehicle moving" scenario and therefore, cannot be helpful to this Court on the qualified immunity issue.

Stamm also attempts to offer an alternative opinion based on witness testimony, even though said witnesses did not have the same perspective of Cuevas. Specifically, in this "vehicle stopped" at the time of the shooting scenario, Stamm opines that the truck would have coasted to a stop if no brake was applied, or the brake could have been applied, but these are both merely possibilities. If both are "possibilities" under the "vehicle stopped" scenario, then Stamm's opinions are not helpful to this Court in its qualified immunity analysis. Without any ability to say whether the Parker truck was moving or not at the time of the shooting, or whether brakes were applied or not to be able to come to a stop before or after the shooting, Stamm's opinions do not help this Court on factual issues relating to qualified immunity. Expert opinions like that of Stamm's are irrelevant and not helpful (because they are not probable) and are

nothing more than speculation, which cannot serve to overcome summary judgment on qualified immunity and issue of force.  Brown v. Parker-Hannifin Corp., 919 F.2d 301, 311-12 (5th Cir. 199).

It is clear that the Plaintiff is attempting to play a shell game with the opinions of Stamm. While the Plaintiff asserts that all of his opinions are given to an engineering certainty, Stamm cannot say which opinion of the facts is probable.  Either Parker was stopped at the time of this shooting (Plaintiff's version), or he was moving at the time of the shooting (Cuevas' version) and the vehicle was either abruptly stopped by Parker or came to a rolling stop.  Stamm cannot equivocate on which version is probable.  Yet, he attempts to suggest that both opinions are probable.  Both opinions collectively cannot be probable because they are hopelessly in conflict. Stamm's opinions are simply not reliable and therefore are not relevant and should be ignored.

## II.  CONCLUSION

For the foregoing reasons, Defendant Cuevas respectfully requests that the Court grant his Motion to Exclude and Strike the Testimony of the Plaintiffs' expert witness, John Stamm, P.E.

Respectfully submitted, this the 6th day of November, 2023.

                                **JASON CUEVAS**

                             BY:   COPELAND, COOK, TAYLOR & BUSH, P.A.

                             BY:   /S/ WILLIAM E. WHITFIELD, III
                                      Mississippi Bar No. 7161
                                   /S/ KAARA L. LIND
                                       Mississippi Bar No. 10604

William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Charles R. Mullins, Esq.
Courtney Sanders, Esq.
Coxwell & Associates, PLLC
P.O. Box 1337
Jackson, MS 39215
chuckm@coxwelllaw.com
courtneys@coxwelllaw.com
and
Nicolette A. Ward, Esq.
Bhavani K. Raveendran, Esq.
Javier Rodriguez, Jr., Esq.
Samantha A. Harton, Esq.
Romanucci & Blandin, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
nward@smbtrials.com
braveendran@rblaw.net
jrodriguez@rblaw.net
sharton@rblaw.net
**Attorneys for Plaintiff**

Jeffrey S. Bruni, Esq.
P.O. Box 1780
Gulfport, MS 39502
jbruni@gulfport-ms.gov
**Attorney for Defendant,
City of Gulfport**

/S/ WILLIAM E. WHITFIELD, III
/S/ KAARA L. LIND

William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526