**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CATINA PARKER,** *as Personal*                                    **PLAINTIFF**
*Representative of the Estate of*
*Leonard Parker, Jr., deceased*


**v.**                                              **Civil No. 1:21-cv-217-HSO-BWR**


**CITY OF GULFPORT,** *as a municipal*
*corporation;*
**JASON CUEVAS,** *in his individual*
*and official capacities; and*
**JOHN DOE OFFICERS 1-5,** *in their*
*official and individual capacities*                                **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JASON
CUEVAS'S MOTION [132] FOR SUMMARY JUDGMENT ON THE BASIS OF
QUALIFIED IMMUNITY**</u>

BEFORE THE COURT is Defendant Jason Cuevas in his individual

capacity's Motion [132] for Summary Judgment, which seeks dismissal of Plaintiff

Catina Parker's claims against him on the basis of qualified immunity. Having

considered the parties' submissions, the record, and relevant legal authority, and

because the Court finds that there are material questions of fact precluding

summary judgment, the Motion [132] must be denied.

## I.  <u>BACKGROUND</u>

In her Third Amended Complaint [141] Plaintiff Catina Parker, as personal

representative of the Estate of Leonard Parker, Jr. ("Plaintiff"), raises a variety of

claims against Defendants the City of Gulfport, Mississippi, Jason Cuevas, in his

individual and official capacities, and John Doe Officers 1-5, in their official and

individual capacities. These include claims under 42 U.S.C. § 1983 against Defendant Jason Cuevas ("Defendant" or Officer Cuevas"), a police officer of the Gulfport Police Department, for excessive force in violation of the United States Constitution arising out of an encounter in Gulfport, Mississippi, on February 1, 2020, between Officer Cuevas and Leonard Parker, Jr. ("Mr. Parker"). *See* 3d Am. Compl. [141].

The undisputed facts establish that on February 1, 2020, Mr. Parker was attending a party at a private residence in Gulfport. *Id.* at 2; Answer [146] at 12. He and another individual left in Mr. Parker's vehicle, with Mr. Parker driving. 3d Am. Compl. [141] at 3; Answer [146] at 13. Mr. Parker reversed out of the driveway and began driving on 25th Street. 3d Am. Compl. [141] at 5; Answer [146] at 15. At the same time Officer Cuevas, who was responding to a call of disorderly conduct, was approaching the residence on foot. Mem. [133] at 3; Resp. [154] at 25. Officer Cuevas shot Mr. Parker, who later died. Mem. [133] at 5; Resp. [154] at 3.

Plaintiff alleges that Officer Cuevas at no point reasonably believed that either he or any other individual was in danger of death or serious bodily harm and that he used excessive force in shooting Mr. Parker. 3d Am. Compl. [141] at 5-9. She asserts that when Officer Cuevas fired his weapon, Mr. Parker's vehicle was angled away from him and the "truck's engine never picked up, made a 'vroom' sound, or made any other sound that would indicate it was accelerating." *Id.* at 7. According to the Third Amended Complaint [141], neither Officer Cuevas, nor any other individual, was standing in the vehicle's path at the time. *Id.* at 7-8. Plaintiff claims

that Officer Cuevas was aware of these alleged facts, and did not have probable cause to believe Mr. Parker posed a significant threat of death or physical injury. *Id.* at 6-9.

Officer Cuevas denies these allegations and contends that, at the time he fired his weapon, Mr. Parker was operating his vehicle in a manner which constituted a threat of harm or death. Answer [146] at 20. Officer Cuevas claims that he was in the vehicle's path, and that he gave Mr. Parker multiple commands to stop as the vehicle was traveling towards him, but that Mr. Parker did not do so. *Id.* at 5.

On April 19, 2022, Officer Cuevas filed a Motion [34] to Assert an Affirmative Defense of Qualified Immunity, which the Court granted. *See* Order [45]. The Court also granted Plaintiff's Motion [36] to Conduct Limited Discovery, narrowly tailored to the issue of qualified immunity, which concluded on September 29, 2023. *See id.*; Order [126].

Upon the conclusion of this limited discovery, on October 16, 2023, Defendant Officer Cuevas filed the present Motion [132] for Summary Judgment on the basis of qualified immunity. *See* Motion [132]. Officer Cuevas asserts that the physical evidence shows Mr. Parker's truck was moving towards him and that he attempted to "get out of the way[,]" but because Mr. Parker's "truck continued to follow him[,]" Mem. [133] at 18; *see also* Cuevas Dep. Tr. [132-5] at 44, he "perceived that he was in immediate danger of harm" when he fired his weapon, Mem. [133] at 18; *see also* Cuevas Dep. Tr. [132-5] at 65. Officer Cuevas maintains he gave multiple

commands for Mr. Parker to stop, which were not heeded, Mem. [133] at 18, and that under Fifth Circuit precedent, an officer is entitled to qualified immunity under such circumstances, *id.* at 19-23. Defendant offers "the testimony of Cuevas, the physical evidence collected on the scene, the testimony of Investigator [Brandon] Teates, the affidavit testimony of [Michelle Desroche], the ballistics experts, and the initial . . . statements of Tremaine Markray" as evidence in support of his Motion [132]. *Id.* at 21; *see, e.g.,* Cuevas Dep. Tr. [132-5]; Teates Dep. Tr. [132-9]; Desroche Aff. [132-12]; Mississippi Bureau of Investigation Scene Photos [132-14]; Mississippi Bureau of Investigation Garage Photos [132-15]; Markray Interview Audio [132-17].

Plaintiff responds that Officer Cuevas is not entitled to qualified immunity because he "fired his weapon at Parker after the truck had come to a full stop[,]" Resp. [154] at 8 (emphasis in original omitted); *see also* Baldwin Dep. Tr. [154-1] at 9, 24, 30; Jackson Dep. Tr. [154-4] at 7; Owens Dep. Tr. [154-5] at 10, 16; McNair Dep. Tr. [154-6] at 5-7, and that "[t]he truck did not drive, move, or 'track' towards Cuevas at any time[,]" Resp. [154] at 9 (emphasis in original omitted); Owens Dep. Tr. [154-5] at 21. She contends that "Cuevas was standing to the north side of the truck and not immediately in front of the truck when he opened fire on Parker[,]" Resp. [154] at 10 (emphasis in original omitted); *see also* Markray Dep. Tr. [154-2] at 25-26, and the truck never made any sound that would indicate it was accelerating, Resp. [154] at 10; *see also* Baldwin Dep. Tr. [154-1] at 39-40. Plaintiff asserts that Officer "Cuevas did not speak, give commands, or give Parker warning prior to shooting." Resp. [154] at 11 (emphasis in original omitted); *see also* Baldwin

4

Dep. Tr. [154-1] at 9; Owens Dep. Tr. [154-5] at 11. In support of her factual

assertions, Plaintiff cites the sworn testimony of five eyewitnesses. Resp. [154] at 8-

11; *see also* Baldwin Dep. Tr. [154-1]; Markray Dep. Tr. [154-2]; Jackson Dep. Tr.

[154-4]; Owens Dep. Tr. [154-5]; McNair Dep. Tr. [154-6]. Plaintiff contends that,

construing the evidence in her favor at summary judgment, Officer Cuevas "violated

clearly established law[,]" Resp. [154] at 33-39 (emphasis in original omitted), and

that summary judgment cannot be granted because "[t]here are too many questions

of fact in this matter" and those facts "construed in the light most favorable to the

Plaintiff allow a jury to find that Cuevas['s actions were] objectively

unreasonable[,]" *id.* at 39-41. She further contends Defendant improperly asks the

Court to resolve "each factual inference in his favor and craft[] a story that would

have justified his use of force[,]" which "would be reversible error." *Id.* at 41 (citing

*Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019), *as revised* (Aug. 21, 2019) (en

banc)).

　　　In his Reply [155], Defendant argues that Plaintiff's witnesses are not

credible because they "were not located in the front of the truck with headlights

facing them[,]" Reply [155] at 11, and they "were likely intoxicated" at the time they

observed the shooting, *id.* at 2-3.

## II.　DISCUSSION

### A.　Summary judgment and qualified immunity

　　　Summary judgment is appropriate "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The movant bears the "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (quotations omitted).

If any genuine dispute of material fact exists "that a trier of fact may reasonably resolve in favor of either party, then summary judgment must be denied." *Ryder v. Union P. R.R. Co.*, 945 F.3d 194, 199 (5th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A court must "view the evidence in the light most favorable to the nonmovant and construe all reasonable inferences in her favor" and "may not evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quotations omitted). "The sole question is whether a 'reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor.'" *Id.* (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (per curiam). "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

"[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016) (quotations omitted). To show qualified immunity is not available, the plaintiff must demonstrate that the defendant's conduct was "objectively unreasonable in light of a clearly established rule of law." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

A court conducts the qualified immunity inquiry in two parts, first asking "whether the officer's alleged conduct has violated a federal right[,]" and second, "whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Cole*, 935 F.3d at 451 (citation omitted). "The officer is entitled to qualified immunity if there is no violation, or if the conduct did not violate law clearly established at the time." *Id.* "In qualified immunity cases, '[t]he plaintiff must show that there is a genuine dispute of material fact and that a jury could return a verdict entitling the plaintiff to relief.'" *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022) (quoting *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020)). "But, to overcome qualified immunity, the plaintiff's version of

those disputed facts must also constitute a violation of clearly established law."
*Bartlett*, 981 F.3d at 330.

B.    Excessive force claims under § 1983

Here, Plaintiff alleges that Defendant used unconstitutionally excessive force
against Mr. Parker. To establish this claim, she must show there was an "(1) injury,
(2) which resulted directly and only from a use of force that was clearly excessive,
and (3) the excessiveness of which was clearly unreasonable." *Deville v. Marcantel*,
567 F.3d 156, 167 (5th Cir. 2009) (quotations omitted). "Excessive force claims are
necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable'
depends on 'the facts and circumstances of each particular case.'" *Id.* (quoting
*Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The question before the Court is whether, construing the facts in Plaintiff's
favor as nonmovant, a reasonable jury could conclude that Officer Cuevas's use of
force was excessive and unreasonable under clearly established Fifth Circuit
precedent at the time of the incident. In *Tennessee v. Garner*, the Supreme Court of
the United States held that "[w]here the officer has probable cause to believe that
the suspect poses a threat of serious physical harm, either to the officer or to others,
it is not constitutionally unreasonable to . . . us[e] deadly force." 471 U.S. 1, 11
(1985); *see also Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir.
2018) ("The use of deadly force violates the Fourth Amendment unless 'the officer
has probable cause to believe that the suspect poses a threat of serious physical
harm, either to the officer or to others.'" (quoting *Garner*, 471 U.S. at 11)); *Manis v.*

*Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) ("An officer's use of deadly force is not excessive, and thus no constitutional violation occurs, when the officer reasonably believes that the suspect poses a threat of serious harm.").

In applying *Garner*, the Fifth Circuit has held that it is objectively reasonable for an officer to fire his weapon when a vehicle "accelerate[s] towards him[.]" *Hathaway v. Bazany*, 507 F.3d 312, 323 (5th Cir. 2007); *see also Sanchez v. Edwards*, 433 F. App'x 272, 275-76 (5th Cir. 2011) (per curiam) (holding that an officer was objectively reasonable "in his perception of a threat of serious physical harm" when a vehicle accelerated towards him after the driver ignored "numerous commands from the officers to bring his vehicle to a stop"). The Fifth Circuit has highlighted that any analysis must account "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Hathaway*, 507 F.3d at 320-21 (quotations omitted).

However, prior to February 1, 2020, the Fifth Circuit had also clearly established that when a vehicle poses no serious risk of harm to an officer or others, it is objectively unreasonable for the officer to use lethal force. *Lytle*, 560 F.3d at 416-17. For example, in *Baker v. Putnal*, the Fifth Circuit reversed a district court's grant of summary judgment on the basis of qualified immunity where an officer shot the driver of a stationary vehicle. 75 F.3d 190, 198-99 (5th Cir. 1996). The Fifth Circuit highlighted that under the plaintiff's version of the facts–that the officer issued no commands to the driver, the driver "barely had an opportunity to see [the

officer] before [the officer] fired his gun[,]" the driver took no threatening action towards the officer, and the officer was not standing in front of the vehicle–a grant of qualified immunity at the summary judgment stage was improper. *Id.*; *see also Lytle*, 560 F.3d at 416-17.

In sum, the question of whether Defendant is entitled to qualified immunity turns upon which set of facts are taken as true. A review of relevant authority reveals that if Defendant's version of events is true, under clearly established law he would likely be entitled to qualified immunity. This is because under the circumstances he asserts–that Mr. Parker ignored multiple commands to stop, that Officer Cuevas attempted to get out of the way, and that Mr. Parker accelerated towards him–it was objectively reasonable for Officer Cuevas to perceive the vehicle as a serious threat of harm, such that discharging his weapon was not excessive force under clearly established law at the time. *See Hathaway*, 507 F.3d at 323.

Conversely, under Plaintiff's set of facts, if true, the opposite result likely obtains; that is, the use of force was unreasonable and excessive to the need, such that Officer Cuevas would not be entitled to qualified immunity. Because the Court must accept Plaintiff's version of the facts as true at the summary judgment stage, *Guzman*, 18 F.4th at 160, and the factual disputes here are material, it cannot grant summary judgment, *see Oliver*, 31 F.4th at 929-32.

In *Oliver*, the Fifth Circuit affirmed a district court's denial of summary judgment under similar circumstances. *See id. Oliver* arose out of an April 29, 2017, shooting, where the parties disputed whether a vehicle accelerated towards the

officer and whether the officer was in the vehicle's path before firing into the vehicle, killing a passenger. *Id.* at 928. The Fifth Circuit held that "the resolution of this factual dispute is material because it affects both whether [the officer's] use of force was reasonable and whether the force he used violated clearly established law." *Id.* at 930. Summary judgment was inappropriate in that case because "if a jury accepts Plaintiffs' version of the facts as true, particularly as to what occurred in the moments before [the officer] shot at the car, the jury could conclude that the officers violated Plaintiffs' clearly established right to be free from excessive force." *Id.* at 932 (alterations in original and quotations omitted). Likewise, in *Putnal*, the Fifth Circuit reversed a grant of summary judgment on the basis of qualified immunity, because it was disputed whether the officer issued commands to the driver and whether the driver was pointing a firearm at the officer. *Putnal*, 75 F.3d at 198-99.

The same reasoning applies here. Among the facts in dispute are whether Officer Cuevas was in the path of the vehicle before the shooting, whether the vehicle accelerated towards him, whether Officer Cuevas identified himself as a police officer, and whether he gave verbal commands to Mr. Parker to stop. *See* Mem. [133] at 18-21; Resp. [154] at 8-11. Officer Cuevas has submitted evidence to support his version of events. *See* Cuevas Dep. Tr. [132-5]; Teates Dep. Tr. [132-9]; Desroche Aff. [132-12]; Mississippi Bureau of Investigation Scene Photos [132-14]; Mississippi Bureau of Investigation Garage Photos [132-15]; Markray Interview Audio [132-17]. In opposition, Plaintiff proffers the testimony of five eyewitnesses

11

testifying that: the vehicle did not move towards Officer Cuevas at any time; Officer Cuevas was not in front of the vehicle when he fired upon it; Officer Cuevas fired his weapon at Mr. Parker after the vehicle came to a complete stop; the vehicle never made a "vroom" sound indicating that it was accelerating; and Officer Cuevas did not give any verbal commands prior to firing. *See* Resp. [154] at 8-11; Baldwin Dep. Tr. [154-1]; Markray Dep. Tr. [154-2]; Jackson Dep. Tr. [154-4]; Owens Dep. Tr. [154-5]; McNair Dep. Tr. [154-6]. If accepted as true, a jury could reasonably find that Officer Cuevas acted in violation of clearly establish law. Arguments that these witnesses are not credible are of no moment at the summary judgment stage, *Guzman*, 18 F.4th at 160, because the Court cannot evaluate the credibility of witnesses or weigh the evidence, *id.* Because "[t]here are simply too many factual issues to permit [Plaintiff's] § 1983 claims to be disposed of on summary judgment[,]" Defendant's Motion [132] for Summary Judgment on the basis of qualified immunity must be denied. *Putnal*, 75 F.3d at 198.

## III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result. Because material fact questions remain for resolution, Defendant Jason Cuevas in his individual capacity's Motion [132] for Summary Judgment on the basis of qualified immunity must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jason Cuevas in his individual capacity's Motion [132] for Summary Judgment on the basis of qualified immunity is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the stay of discovery pending a determination on qualified immunity is **LIFTED**, and the parties are to contact the Magistrate Judge within 14 days to schedule a case management conference.

**SO ORDERED AND ADJUDGED**, this the 5th day of June, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE