Last Updated: Jan 2022
FORM 1 (ND/SD MISS. JAN 2022)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CATINA PARKER**  **PLAINTIFF**
*as Personal Representative of the Estate of Leonard Parker, Jr., deceased*

v.   CIVIL ACTION
     NO. 1:21-cv-00217-HSO-BWR

**CITY OF GULFPORT**, *et al.*   **DEFENDANTS**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**  7 - 10

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**  15-20

   **EXPERT TESTIMONY EXPECTED:** Yes  **NO. OF EXPERTS:**  5 - 8

   The parties anticipate that they will have retained and will call a total of 5- 8 experts. There will be accident reconstruction, ballstics, and engineering experts.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   The Court will schedule a Settlement Conference.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   The parties shall fully comply with the pre-discovery disclosure requirements on or before June 28, 2024.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   Motion to Dismiss Punitive Damages Claim by the City of Gulfport

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __30__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __10__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN 2022)

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

The parties will provide ESI information in paper format or by PDF format if any. The parties do not anticipate the necessity of access to or electronic copies of electronically stored information at this time; however, to the extent that such procedures are necessary, the parties agree to discuss preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party.

    **F.**    The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

A site inspection will be needed for experts that have not been to the scene.

FORM 1 (ND/SD MISS. JAN 2022)

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for JURY TRIAL during a three-week term of court beginning on: August 4, 2025, at 9:00, a.m., in Gulfport, Mississippi, before United States District Judge Halil S. Ozerden.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS 7-10. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: July 15-17, 2025, at 9:00, a.m., in Gulfport, Mississippi, before United States District Judge Halil S. Ozerden.

   C. **Discovery.** All discovery must be completed by: February 4, 2025.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: July 22, 2024.

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s): October 1, 2024.

   2. Defendant(s): November 1, 2024.

FORM 1 (ND/SD MISS. JAN 2022)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: February 18, 2025 .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

    A SETTLEMENT CONFERENCE is set on: April 14, 2025, at 9:30, a.m. in Gulfport, Mississippi, before United States Magistrate Judge Bradley W. Rath.

    Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) July 8, 2025, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

6/21/2024  
DATE

s/ Bradley W. Rath  
UNITED STATES MAGISTRATE JUDGE