IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **CATINA PARKER, as Personal Representative** of the Estate of Leonard Parker, Jr., Deceased | **PLAINTIFF** |
| **VERSUS** | **NO.1:21-cv-00217-HSO-BWR** |
| **The CITY OF GULFPORT, a municipal corporation; and JASON CUEVAS, in his individual and official capacity** | **DEFENDANTS** |

**MEMORANDUM BRIEF IN SUPPORT OF THE MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY OF JERONIMO RODRIGUEZ, PLAINTIFF'S EXPERT**

COMES NOW the Defendant, Jason Cuevas, by and through his counsel of record, and submits his Memorandum Brief in Support of his Motion *In Limine* and/or Motion to Exclude or Strike the Testimony (*Daubert* motion) of Jeronimo Rodriguez, Plaintiff's Expert.

**I. INTRODUCTION**

In her Third Amended Complaint, the Plaintiff has asserted a claim pursuant to 42 U.S.C. §1983, that on February 1, 2020, Jason Cuevas, who was employed as a police officer with the Gulfport Police Department, used unreasonable and excessive force against Leonard Parker, Jr. in violation of the United States Constitution. [Doc. 141]. Officer Cuevas has denied all allegations of any use of excessive force. [Doc. 146]. As part of discovery, the Plaintiff designated Jeronimo Rodriguez as an expert witness and submitted his Expert Report where he discloses opinions he intends to offer at trial. (Report Rodriguez, Exhibit "A"). By the present Motion, Cuevas challenges the relevance and admissibility of Rodriguez's opinions relating to

the use of force as well as policies and procedures employed by Officer Cuevas on the morning of the incident and the Gulfport Police Department.

## II. CLAIMS ASSERTED BY THE PLAINTIFFS

The police shooting at issue in this case occurred during the early morning hours of February 1, 2020. As to the events leading up to the shooting, several individuals, including Leonard Parker, Jr., were attending a birthday party at the home of Stephanie Baldwin, who resided at 210 25th Street, Gulfport, MS. The party began during the early evening hours of Friday, January 31, 2020. By all accounts, alcohol was served and many of the guests were drinking, including Parker, whose BAC was 0.185, over twice the level of intoxication in Mississippi. As the evening proceeded, one of the guests, Tremaine Markray, became disorderly and aggressive with several of the guests. One of the guests, Maxine Owens, called 911 and asked for police assistance with the escalating situation. Officer Cuevas and another nearby officer were dispatched to this call.

Markray ultimately agreed to leave with Parker, with the intent of taking Markray to a hotel to "sleep it off." Parker was driving his dark color 2014 GMC Sierra pick up truck and Markray sat in the front passenger seat. About this time, Officer Cuevas approached the area and parked his patrol vehicle on the north side of 25th Street, just west of its intersection with Oak Avenue, but east of a mailbox with the address of 208 25th Street. Officer Cuevas did not have his blue lights or siren activated when he arrived or when he parked his vehicle.

Officer Cuevas exited the vehicle and then proceeded westbound on foot on 25th Street, searching for the address of the "drunk and disorderly" call by looking at the numbers on a mailbox located on the north side of the road. At this point, Officer Cuevas attempted to turn on

his body worn camera from his watch. He believed that this action turned on the body camera. The street was dark and Officer Cuevas had to illuminate the mailbox with his flashlight in order to locate the address. While Officer Cuevas was proceeding on foot down 25th Street, he could hear a commotion ahead and noticed a truck backing out of what he thought was a driveway (according to the MBI records, the truck backed out of the front yard). Officer Cuevas witnessed the truck back into a mailbox located directly across the street (213 25th Street). He believed the truck was leaving from the residence that had reported the "drunk and disorderly" male. While still in the street, Officer Cuevas started walking towards the truck to make contact with the driver and, at the same time, he was shining his flashlight towards the truck to get the driver's attention.

    While Officer Cuevas was in the middle of the street, the truck pulled forward from the mailbox, straightened out and then began to proceed eastbound on 25th Street angling in his direction toward Officer Cuevas. Officer Cuevas activated the strobe on his flashlight and then removed his firearm from the holster and utilized the weapon light, all in an effort to get the driver's attention. Officer Cuevas also identified himself as police and gave several commands for the driver to stop the vehicle. Officer Cuevas specifically recalls yelling: "Stop the vehicle! Stop the vehicle! Police! Stop the vehicle!" The truck continued to drive towards Officer Cuevas where the headlights became brighter and he heard the engine rev up and pick up speed in his direction.

    Officer Cuevas then tried to back peddle out away from the middle of the road, moving towards the south side of the road. He states that the headlights of the truck followed him towards the south side of the road and he felt that the truck constituted a threat of serious harm or

death to himself such that he recalls firing three consecutive shots in quick succession from his service weapon toward the driver of the truck and the truck came to a stop. Officer Cuevas testified that after he discharged his weapon, the vehicle came to an abrupt stop.

In the Third Amended Complaint, the Plaintiffs allege that Officer Cuevas used deadly force unreasonably and excessively as well as violating Parker's Constitutional rights. [Doc. 141 ¶¶ 133-134]. Officer Cuevas disputes these allegations. Officer Cuevas has testified that he believed he was in danger of bodily harm or death from Parker's vehicle at the time of the shooting. (Exhibit "B", DP Cuevas, p. 148).

The Plaintiff has designated expert Jeronimo Rodriguez to testify regarding matters that pertained to use of force and police practices employed by Officer Cuevas at the time of the incident. Rodriguez was not deposed, but the Plaintiff did produce his Report in the Designation of Experts that is attached as Exhibit "A". According to the Report, Rodriguez reviewed a host of documents, deposition transcripts, and witness testimony listed in his report to form his expert opinions. (Exhibit "A", Rodriguez Report p. 6).

The Report of Rodriguez suggests that he intends to offer testimony at the trial of this matter that deploys multiple impermissible arguments, tactics and methodology. First, Rodriguez proposes testimony that would substitute himself for the fact finder in making determinations about the credibility of witnesses. Rodriguez uses the testimony of the party-goers as the facts to form his expert opinions on a litany of topics, to the exclusion of testimony of others, including Officer Cuevas and Michelle Desroche (a disinterested witness / neighbor). Second, Rodriguez is attempting to make impermissible legal conclusions. Third, he uses "generally accepted practices" and "my specialized training, experience, and knowledge" as a

trump card to make any conclusion about the case he sees fit, while giving no citation or justification for the basis undergirding his opinions.[1]  Fourth, he testifies to areas that are beyond his purview as an expert witness in police procedure and analysis.  Fifth, he questions the sufficiency of the investigation of the Mississippi Bureau of Investigation, which has nothing to do with Officer Cuevas (or the City of Gulfport).  Finally, he testifies as to the sufficiency of the policies and procedures of the Gulfport Police Department, which have nothing to with the individual liability claims against Officer Cuevas and have no relevance to the Mississippi Tort Claims Act claims against the City of Gulfport.  As a result of the foregoing, the proposed testimony of Rodriguez is impermissible and unreliable.  Therefore, he should not be permitted to offer any expert opinions regarding the force used or police practices employed by Officer Cuevas at the time of incident.

### III. ARGUMENT

Rule 702 of the Federal Rules of Evidence lays out the test for admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of a opinion or otherwise if:
>
> (a)   The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

---

[1] Rodriguez is clearly aware that the Fifth Circuit and its district courts have permitted expert testimony that speaks to the "generally accepted practices" of a certain field.  While Officer Cuevas understands that this type of testimony can be permissible under certain applicable case law, he nonetheless objects to this expert's use of it with no bases for the opinions whatsoever.  In other words, Rodriguez inserts "buzz-phrases" to get past the need for giving an expert opinion backed by any kind of evidence.

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  For the purpose of this Motion (only), Officer Cuevas does not dispute the qualifications of Rodriguez as a "police policy and procedure analyst".  Officer Cuevas can also see where his proposed testimony might have some relevancy to the facts of this case.  That notwithstanding, much of Rodriguez's proposed testimony as outlined in his Report is not permissible under the Federal Rules of Evidence and corresponding case law.  Therefore, Officer Cuevas questions whether Rodriguez's opinions are admissible or even reliable.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590 (1993).  In Daubert, "the Supreme Court extended the reliability and relevancy requirements to all expert witness testimony, regardless of whether the expert possesses 'scientific, technical, or other specialized knowledge'." Saudi v. S/T Marine Atl., 2001 U.S. Dist. LEXIS 14160, *3 (S.D. Tex. 2001).  Further, "[t]o prove reliability, the proponent of the expert testimony must present some objective, independent validation of the expert's methodology." Herbert v. BP Expl. & Prod., 2023 U.S. Dist. LEXIS 10743, *8 (E.D. La. 2023).

In his Report, Rodriguez utilizes the testimony of the party goer witnesses (who conveniently have all testified in support of the Plaintiff's position) as the basis for Rodriguez's claims that Officer Cuevas was in no immediate danger of bodily injury or death.  Repeatedly, this expert parrots the witnesses' claims that Parker's vehicle was only going 2-5 mph or possibly came to a stop prior to the shooting.  Rodriguez totally disregards Officer Cuevas's testimony as having any credibility so that he can arrive at his preferred landing spot that Officer Cuevas was in no real danger from Parker's vehicle at the time of the shooting.  Rodriguez initially gives lip service to neutrality in his Report when he recounts the version of facts from Officer Cuevas then

followed by the accounts of the party-goers with regard to whether the vehicle was accelerating towards Officer Cuevas or not when he discharged his weapon. (See e.g., Exhibit "A", p. 9 fn. 6, p. 16 fn. 18). By the end of his Report, Rodriguez totally abandons impartiality and un-apologetically adopts the singular view of the party-goers as the "truth" concluding that the vehicle was only going 2-5 mph or that it was stopped prior to the shots being fired. (See Id., pp. 18-20). For example, the Report states "[s]ince witnesses' statements indicate that the vehicle was traveling at a slow speed and/or possibly stopped before the shooting, I cannot help but wonder what, if anything, caused Officer Cuevas to believe the pickup truck became a threat suddenly." (Id., p. 19 fn. 24). In fact, Rodriguez did not take into account the statements of Michelle Desroche to the investigating officers that she did hear the truck accelerate or pick up speed. Desroche is a neighbor of Stephanie Baldwin and has no personal interest in this lawsuit. Her testimony is clearly contrary to the party goer witnesses. Ms. Desroche has since given both Affidavit and deposition testimony, none of which appears to have been considered by Rodriguez. The biased language used to accuse Officer Cuevas of misconduct in footnote 24 is inexplicable and entirely inappropriate from a so called "impartial expert". The entire "Report" should be stricken for prejudice for this level of disregard for impartiality. This example is enough evidence to this Court that the "expert" retained by the Plaintiff is merely writing favorable narratives for his employer without regard for impartiality.

Second, Rodriguez will attempt to make impermissible legal conclusions to the jury as demonstrated throughout this Report. On multiple occasions, Rodriguez gives his opinion as to whether Officer Cuevas used excessive force disguised as mere opinions based on "industry standards" which impermissibly speaks to the ultimate legal conclusion that excessive force was

used.  (See Report Rodriguez, Exhibit "A" pp. 19-21).  Rule 704 of the Federal Rules of Evidence lays out the guidelines for opinions made of the "ultimate issue", stating "(a) In General–Not Automatically Objectionable.  An opinion is not automatically objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704.  But, in excessive force cases, it can lose any evidentiary value.  Courts in the Fifth Circuit have agreed that "where there is 'no substantive difference' between the excessive force standards articulated by the expert and the ultimate legal conclusion of whether excessive force was used, the testimony is properly deemed an impermissible legal conclusion."  Geiger v. Monroe Cty., 2020 U.S. Dist. LEXIS 161252, *15 (N.D. Miss. 2020) (citing Mayfield v. Brewer, 2014 U.S. Dist. LEXIS 153454 at *2 (S.D. Miss. 2014)).  Thus, the testimony of Rodriguez that implies that Officer Cuevas used excessive force in this incident should be stricken.

      Third, the Report is replete with Rodriguez making statements that a policy or action made by Officer Cuevas ran afoul of "generally accepted practices", "industry standards", and "my specialized training, experience, and knowledge".  (See e.g. Report Rodriguez, Exhibit "A" pp. 5-6, 12, 14-15, 17, 22).  These statements are used as catch-all trump cards for Rodriguez to give whatever "opinion" he seeks to give about a fact contained within his Report without justification.  None of the statements are supported with citations where one might find these standards or what methodology is used to make those determinations.  As explained previously, an expert "must present some objective, independent validation of the expert's methodology." Herbert at *8.  Rodriguez has done no such thing.  He opines in the beginning of his Report that "[t]here is a large body of knowledge and literature about the practices and standards that modern, reasonably managed, and administered police agencies across the U.S. should follow

and apply to their operations." (Report Rodriguez, Exhibit "A" p. 5). Yet, he provides no citation to any literature or where this "large body of knowledge" may be found. While it is true that Rodriguez may have the experience that would make him otherwise qualified as an expert, he is asking Officer Cuevas and this Court to take a leap of faith and take him at his word when he uses his buzz phrases and blindly take it as Gospel. This Court should honor no such request.

Fourth, in his Report, Rodriguez intends to offer expert testimony relating to multiple areas of interest that do not appear to be within his purview as an expert in police policies. Rodriguez testified that Officer Cuevas should have been aware of traffic patterns as they pertained to what Parker was going to do while driving his vehicle. (Rodriguez Report, Exhibit "A" p. 8 fn. 3). He also testified that Officer Cuevas's shining of his flashlight may have impaired Parker's visibility. (Id., p. 14). Neither the traffic patterns of the vehicles that travel on 25th Street in Gulfport, MS, nor the visibility of a driver when a flashlight is trying to get their attention have anything to do with an expert in police policy. Courts in the Fifth Circuit have agreed "that an expert witness may not go beyond the scope of his expertise in giving his opinion." In re M&M Wireline & Offshore Servs., LLC, 2016 U.S. Dist. Lexis 120542 *29 (E.D. La. 2016) (quoting Goodman v. Harris County, 571 F.3d 388, 399 (5th Cir. 2009)) (internal quotations omitted). The testimony offered about traffic patterns on a sleepy city street in a city in which the expert has no personal or first-hand knowledge of and whether Parker's vision may have been impaired by Officer Cuevas's flashlight are totally outside the scope of Rodriguez's expertise and should be stricken.

Fifth, Rodriguez impermissibly questions the sufficiency of the investigation. (See Report Rodriguez, Exhibit "A" pp. 19-20). For example, Rodriguez laments that "the

investigation made no efforts to identify the distance and possible reactionary time Officer Cuevas had when deciding to use deadly force." (Id., p. 20 fn. 27). For similar reasons, this testimony is outside the scope of the expert's expertise. Not only that, whether the investigation of the officer involved shooting by an outside agency (MBI) was sufficient or not is not relevant to the issue of whether Officer Cuevas violated any constitutional right of Parker. The Plaintiff has made no claims against either the MBI or the Biloxi CSU on the sufficiency of the investigation. Therefore, Rodriguez's proposed testimony on the sufficiency of the investigation should be stricken.

Lastly, Rodriguez is attempting to give impermissible testimony regarding his opinion on the policies of the Gulfport Police Department. Specifically, Rodriguez in his Report indicates that he may give opinion testimony on the Gulfport Police Department's Use of Force Policy, including that its policy on shooting at a moving vehicle is "vague and limited in providing direction". (Report Rodriguez, Exhibit "A" p. 14-15). This proposed opinion testimony is irrelevant as to any §1983 claims asserted against Officer Cuevas in his individual capacity. Likewise, the Plaintiff has no §1983 claim against the City of Gulfport, and any such opinion testimony is not relevant to a tort claim under the Mississippi Tort Claims Act. Any opinions on the sufficiency or not of the Gulfport Police Department 's Use of Force policy as it pertains to Officer Cuevas is irrelevant and should be stricken.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Cuevas respectfully requests that the Court grant his Motion to Exclude and Strike the Testimony of the Plaintiff's expert witness, Jeronimo Rodriguez.

Respectfully submitted, this the 28th day of February, 2025.

**JASON CUEVAS**

BY:   COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:   /S/ WILLIAM E. WHITFIELD, III
Mississippi Bar No. 7161
/S/ KAARA L. LIND
Mississippi Bar No. 10604

William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526
bwhitfield@wewiii.net
klind@cctb.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Merrida (Buddy) Coxwell, Esq.<br>Courtney Sanders, Esq.<br>Coxwell & Associates, PLLC<br>P.O. Box 1337<br>Jackson, MS 39215<br>merridac@coxwelllaw.com<br>courtneys@coxwelllaw.com<br>and<br>Bhavani K. Raveendran, Esq.<br>Samantha A. Harton, Esq.<br>Romanucci & Blandin, LLC<br>321 N. Clark St., Suite 900<br>Chicago, IL 60654<br>b.raveendran@rblaw.net<br>sharton@rblaw.net<br>**Attorneys for Plaintiff** | Jeffrey S. Bruni, Esq.<br>P.O. Box 1780<br>Gulfport, MS 39502<br>jbruni@gulfport-ms.gov<br>**Attorney for Defendant,**<br>**City of Gulfport** |

                                        */S/ WILLIAM E. WHITFIELD, III*
                                        */S/ KAARA L. LIND*

William E. Whitfield, III
Kaara L. Lind
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526
bwhitfield@wewiii.net
klind@cctb.com